**UNITED STATES of America, Plaintiff,**

v.

**Estrella SERNA–VARGAS, Defendant.**

**CR 95–1128 ER.**

United States District Court, C.D. California.

Feb. 21, 1996.

Nora M. Manella, U.S. Attorney and Julian Adams, Asst. U.S. Attorney, Los Angeles, CA, for Plaintiff.

Maria E. Stratton, Federal Public Defender Gerald Salseda, Asst. Federal Public Defender, Los Angeles, CA, for Defendant.

MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO PRESENT EVIDENCE OF "DE FACTO" CITIZENSHIP

RAFEEDIE, District Judge.

### Introduction

The Court read and considered the papers filed in support of and in opposition to Defendant Estrella Serna–Vargas' Motion in Limine to Present Evidence of "De Facto" Citizenship, and considered oral argument of counsel. The Court DENIES the motion for the reasons that follow.

### Background Facts

Defendant Estrella Serna–Vargas is charged with violating 8 U.S.C. § 1326, an alien being found in the United States after having been deported previously for an aggravated felony. Serna–Vargas has allegedly been convicted of three felonies: burglary in 1988; possession of a controlled substance in 1989; and possession of a controlled substance in 1990. She has also allegedly been deported twice before in 1991 and 1992.

### Discussion

Serna–Vargas seeks permission to present evidence of what she terms "de facto" citizenship as an affirmative defense to prosecution under § 1326.[1] According to Serna–Vargas,

---

1. The statute states as follows:

(a) Subject to subsection (b), any alien who—
(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to her reembarkation at a place outside the United States or his application for admission from foreign contiguous territory,

this defense consists of the following elements: (1) involuntariness of initial residence; (2) continuous residency since childhood; (3) fluency in the English language; and (4) legal residence of immediate family members.

The Court notes that none of these elements are relevant to the elements that are required for conviction under § 1326. To convict a defendant under § 1326, the United States must show that: (1) "the defendant is not a citizen of the United States"; (2) "the defendant was lawfully deported from the United States"; and (3) "the defendant reentered the United States without the consent of the Immigration and Naturalization Service." (Ninth Circuit Model Jury Instruction 9.01A, at 275).

Serna–Vargas argues nevertheless that the Court has the authority to create an affirmative defense even if the statute does not explicitly recognize such a defense. For this proposition, Serna–Vargas cites to *United States v. United States District Court*, 858 F.2d 534, 543 (9th Cir.1988).

In *U.S. District Court*, the Ninth Circuit held that although the federal statute prohibiting the production of materials depicting minors engaging in sexually explicit conduct did not contain a mistake of age defense, federal courts could read such a defense into the statute to save it from constitutional infirmity. *Id.* at 537–38. Serna–Vargas points to no such constitutional infirmity with § 1326, so it is doubtful whether *U.S. Dis-*

*trict Court* is even relevant to this case. However, even if *U.S. District Court* were relevant, Serna–Vargas' argument still fails.

*U.S. District Court* considered the following factors in determining whether to create such an affirmative defense: (1) whether it is likely that Congress would have intended such a defense to avoid absurd results; and (2) whether the defense would seriously disrupt operation of the statute. Upon consideration of these factors, the Court concludes that the "de facto" citizenship defense proposed by Serna–Vargas is not warranted.

First, this defense would impact administration of § 1326 cases severely, in that it is a defense that would appear to be available to a great number of defendants. It is thus unlike the reasonable mistake of age defense that the Ninth Circuit recognized in *U.S. District Court*. *Id.* at 542 ("Allowing defendants to prove their reasonable, good-faith belief as to the age of an actor would not seriously disrupt the effective operation of section 2251(a), or materially hamper the vital effort to protect minors from sexual abuse.").[2]

Second, such a defense is contrary to the intent of Congress. Under § 212(c) of the Immigration and Nationality Act of 1952, codified at 8 U.S.C. § 1182(c), the U.S. Attorney General may exercise her discretion not to deport an otherwise deportable alien, if that alien has lived in the United States for seven years. Neither party discusses § 212(c), but the Court believes that the

---

the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this or any prior Act,

shall be fined under title 18, United States Code, or imprisoned not more than 2 years or both.

(b) Notwithstanding subsection (a), in the case of any alien described in such subsection—

(1) whose deportation was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both; or

(2) whose deportation was subsequent to a conviction of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.

For the purposes of this subsection, the term "deportation" includes any agreement in which an alien stipulates to deportation during a criminal trial under either Federal or State law.

**2.** To the extent that the third element—fluency in English—would bar many defendants from relying on the defense, it is probably unconstitutional. In *Yniguez v. Arizonans for Official English*, 69 F.3d 920, 924 (9th Cir.1995) (en banc), the Ninth Circuit struck down an English-only law on the grounds that it violated the First Amendment. The thrust of *Yniguez* is that the government cannot single out English as having a more exalted status among languages; from that, the Court can infer that Serna–Vargas' element of fluency in English would fail under *Yniguez*.

existence of that statute is dispositive as to this matter. The factors that Serna–Vargas cites for her "de facto" citizenship defense are included among the factors that the Attorney General considers in deciding whether to exercise this discretion. *See Yepes–Prado v. INS*, 10 F.3d 1363, 1366 (9th Cir.1993) (listing among the factors, family ties within the United States and long residence in the United States).

Thus, the factors that Serna–Vargas now seeks to present to the jury are ones that she could have presented the first time she was deported.[3] Had the Attorney General seen fit to grant her relief from deportation, Serna–Vargas would not now be facing this § 1326 charge. Therefore, Congress has already provided her with her "de facto" citizenship defense in the form of § 212(c). Allowing her to present the defense now would run contrary to Congress' intent. This conclusion is reinforced by the fact that an appeal of an INS decision not to grant § 212(c) goes directly to the Court of Appeals. 8 U.S.C. § 1105a(a)(2). Thus, under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries.

Finally, the Second Circuit has already rejected this "de facto" citizenship defense. *Oliver v. INS*, 517 F.2d 426, 427–28 (2d Cir.1975) (per curiam), *cert. denied*, 423 U.S. 1056, 96 S.Ct. 789, 46 L.Ed.2d 646 (1976). In *Oliver*, the defendant had resided in the United States for over twenty years and felt that her allegiance was to this country. The Second Circuit rejected her argument that she was thus a national of the United States. *Id.* at 428.

Accordingly, the Court DENIES the motion to present evidence of "de facto" citizenship.

IT IS SO ORDERED.

---

3. Indeed, as the record before the Court does not disclose this fact, Serna–Vargas may have applied for and been denied § 212(c) relief the first time she was deported. If so, it would be hardly in keeping with Congress' intent to allow her to circumvent the denial of § 212(c) by having a jury consider the same issue.